1

2

3

4

5

6                          NOTE: CHANGES MADE BY THE COURT

7

8

9                         **UNITED STATES DISTRICT COURT**

10                        **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  CARD TECH INTERNATIONAL, LLLP, a Maine Limited Liability Limited Partnership, | Case No.  CV11-2434 DSF (PLAx) |
| 13 | *Hon. Dale S. Fischer – Courtroom 840* |
| 14               Plaintiff, | **PROTECTIVE ORDER** |
| 15  v. | **CTRM:      840 – 8TH FLOOR** |
| 16  SHARYN PROVENZANO, a.k.a. SHARYN NAPPI, an individual; and PRODEEN, INC. | |
| 17 | |
| 18               Defendants. | |

19

20         Pursuant to the Stipulation between Plaintiff CARD TECH

21   INTERNATIONAL, LLLP (hereinafter "Plaintiff" or "Card Tech") and Defendants

22   SHARYN PROVENZANO a.k.a. SHARYN NAPPI and PRODEEN, INC.

23   (hereinafter collectively "Defendants" or "Nappi") and good cause appearing

24   therefore,

25         **IT IS HEREBY ORDERED** that to the extent the parties produce or

26   provide documents, things, testimony, or information that comprise or contain

27   Confidential Information, such documents, things, testimony, or information may

28   be produced or provided upon the following terms and conditions:

1.    A party to this action who produces or provides documents, things, testimony, or other information, which he, she, or it reasonably believes to comprise or contain Confidential Information, and which he, she, or it desires to be subject to this Stipulated Protective Order, shall designate such information or materials as either "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."  Confidential Information is information which has not been made public, including trade secrets or other confidential research, development, financial or commercial information, material required to be kept confidential by state or federal law, or highly sensitive personal information.  Attorneys' Eyes Only Information is extremely sensitive Confidential Information whose disclosure to another party or third-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.    The designation of documents, things, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be made as follows:

(a)    Documents and things comprising or containing Confidential Information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."  If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked.

(b)    A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice after service of the deposition transcript.  If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark each page of the transcript containing the Confidential Information with the terms "CONFIDENTIAL" or

"CONFIDENTIAL–ATTORNEYS' EYES ONLY."  The requesting party may also instruct the court reporter to separately bind such designated pages of the transcript. If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition, such written notice shall be mailed to all other parties within twenty (20) days after completion and service of the transcript.  Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order. Documents or things used as exhibits at a deposition that a party desires to be subject to this Stipulated Protective Order shall be separately stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" as specified in paragraph 2(a).

(c)      Any party may designate documents or things produced by a third party pursuant to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by providing written notice to each other party within ten (10) days of receipt of the documents or things produced by the third party.  Such written notice shall specifically identify each document or thing produced by the third party that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order.

(d)      Notwithstanding any other provision of this Stipulated Protective Order, if any party believes that any document or other information not designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" should be so designated (except documents or information belonging to another party), that party shall notify the other parties within 30 days following production of the documents or other information and request that the information be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  A party requesting that documents be treated as "CONFIDENTIAL" or

1   "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this

2   paragraph shall also provide each other party with copies of such documents that

3   have been stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-

4   ATTORNEYS' EYES ONLY" in the manner indicated above.  Documents or

5   information designated as "CONFIDENTIAL" or "CONFIDENTIAL-

6   ATTORNEYS' EYES ONLY" in accordance with this paragraph shall be treated in

7   accordance with such designation from the date of receipt of the request that they

8   be so treated and receipt of copies of the documents that have been appropriately

9   stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'

10   EYES ONLY."

11         (e)   Any party to this Stipulated Protective Order objecting to a designation

12   of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" for documents produced by

13   third parties shall notify the designating party in writing of its objection and the

14   basis for the objection.  The designating party shall then have fifteen (15) business

15   days for receipt of the written objection to respond to the objecting party to arrange

16   for a meet and confer.  If the designating party does not respond within the 15

17   business day period (or within whatever longer period of time the parties agree to in

18   writing), the challenged designation shall be deemed removed pending further

19   written agreement of the parties or order of the Court.  If the designating party does

20   respond within the 15 business day period (or within whatever longer period of

21   time the parties agree to in writing), but after meeting and conferring the objection

22   cannot be resolved, the challenged designation shall be deemed removed unless

23   within 30 business days after the most recent meet and confer on the objection (or

24   within whatever longer period of time the parties agree to in writing) the

25   designating party files a motion for an order maintaining the designation or

26   providing for different restrictions.  **Any motion must comply with Local Rule**

27   **37.**  Pending the Court's ruling, the provisions of this Stipulated Protective Order

28   shall apply and disclosure and use of the challenged documents or information shall

1   not be made except according to the challenged designation as provided under this

2   Stipulated Protective Order.  In any such motion, the designating party shall have

3   the burden to show that the designation is appropriate.  This Stipulated Protective

4   Order shall not be modified without a showing of good cause and meeting any other

5   applicable burdens under the law.

6          3.     By designating a document, thing, testimony, or other information as

7   "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in

8   accordance with this Stipulated Protective Order, the party making such designation

9   certifies that there is a good faith basis in both fact and law for the designation.

10         4.     In the absence of designating a document, thing, testimony, or other

11  information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES

12  ONLY" in accordance with this Stipulated Protective Order, such documents,

13  things, testimony, or other information shall be deemed to be non-confidential and

14  not restricted by this Stipulated Protective Order.

15         5.     Information and materials designated as "CONFIDENTIAL" or

16  "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be held by counsel in

17  confidence and shall be used solely in connection with the prosecution, defense, or

18  settlement of this action.  Information and materials designated as

19  "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall

20  not be disclosed to any person except as hereinafter provided.   Information and

21  materials designated "CONFIDENTIAL" pursuant to this Stipulated Protective

22  Order (including any copies, summaries, excerpts, and abstracts derived therefrom)

23  may be disclosed, directly or indirectly, only to the following qualified persons:

24         (a)    The Court before which this action is pending and the clerks and other

25  personnel of the Court;

26         (b)    The attorneys of record for the parties in this matter;

27         (c)    The office personnel employed by the attorneys of record working

28  under direct supervision of said attorneys;

1    (d)    Any party, and any party's officers, directors, or partners;

2    (e)    Experts or other persons retained by counsel to assist in the

3  prosecution, defense, or settlement of this action, provided that said experts and

4  consultants expressly agree to be bound by the terms of this Stipulated Protective

5  Order;

6    (f)    Third-party witnesses to the extent they had access to the Confidential

7  Information prior to the entry of this Stipulated Protective Order;

8    (g)    Court reporters at depositions or other proceedings in this matter and

9  persons providing litigation support services for counsel of record including

10  photocopying, videotaping, transcribing, translating, and preparing exhibits;

11    (h)    Any mediator or arbitrator mutually selected by the parties or

12  appointed by the Court for the purpose of assisting in the settlement of this action;

13  and

14    (i)    Such other persons as the parties may agree to in writing, or who may

15  be designated by the Court.

16    6.    Information and materials designated "CONFIDENTIAL–

17  ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order

18  (including any copies, summaries, excerpts, and abstracts derived therefrom) may

19  be disclosed, directly or indirectly, only to the following qualified persons:

20    (a)    The Court before which this action is pending and the clerks and other

21  personnel of the Court;

22    (b)    The attorneys of record for the parties in this matter;

23    (c)    The office personnel employed by the attorneys of record working

24  under direct supervision of said attorneys;

25    (d)    Experts or other persons retained by counsel to assist in the

26  prosecution, defense, or settlement of this action, provided that said experts and

27  consultants expressly agree to be bound by the terms of this Stipulated Protective

28  Order;

[PROPOSED] PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

1    (e)    Third-party witnesses to the extent they had access to the Confidential

2    Information prior to the entry of this Stipulated Protective Order;

3    (f)    Court reporters at depositions or other proceedings in this matter and

4    persons providing litigation support services for counsel of record including

5    photocopying, videotaping, transcribing, translating, and preparing exhibits;

6    (g)    Any mediator or arbitrator mutually selected by the parties or

7    appointed by the Court for the purpose of assisting in the settlement of this action;

8    and

9    (h)    Such other persons as the parties may agree to in writing, or who may

10    be designated by the Court.

11    7.    Prior to receiving any documents, things, testimony, or other

12    information designated as "CONFIDENTIAL" or "CONFIDENTIAL–

13    ATTORNEYS' EYES ONLY," each "qualified person" specified above in

14    paragraphs 5(d) through (i) and 6(d) through (h) shall be provided with a copy of

15    this Stipulated Protective Order and shall execute a Nondisclosure Agreement in the

16    form of Attachment "A."  Counsel who disclose designated Confidential

17    Information to such a "qualified person" shall maintain the executed copy of the

18    Nondisclosure Agreement in his or her file and make it available at or in connection

19    with any Court proceeding where it may be called for.

20    8.    This Stipulated Protective Order shall not expand or restrict the rights

21    of any party to either demand the production of any documents, things, or

22    information, or to object to any demand for documents, things, or information, or to

23    withhold any documents, things, or information.  Nor shall this Stipulated

24    Protective Order expand or restrict the rights of any party to seek to have the Court

25    compel the production of any documents, things, or information.

26    9.    This Stipulated Protective Order shall not restrict the rights of any

27    party to use or disseminate any documents, things, or information obtained

28    independently of discovery in this action, whether or not such documents, things, or

[PROPOSED] PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

information are also obtained through discovery.  Nothing in this Stipulated Protective Order shall restrict a party from using, disclosing, or disseminating its own documents, things, or information as it deems appropriate, whether or not such documents, things, or information have been designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order.

10.    If any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are included with any papers filed with the Court, the proposed filing shall be accompanied by an application to file the papers, or the portion thereof containing the protected information, under seal.  This application shall be directed to the judge to whom the papers are directed.  In addition, the filing party shall file such papers and materials under seal in accordance with the procedures required by California Central District Local Rule 79-5 or other similar Court rules that may be controlling at the time of the filing of such papers or materials.

11.    In the event that any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are used in any Court proceeding in this action, the parties shall take all reasonable steps to maintain their confidentiality, provided that any protective measures relating to Confidential Information used in Court proceedings in this matter shall be presented, at an appropriate time, to the judicial officer conducting the proceeding.

12.    Maintenance of the protected status of any "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents, things, or information shall in all cases be subject to further order of the Court.  Nothing herein shall preclude any party upon proper notice to all other parties from applying to the Court for any modification of this Stipulated Protective Order, or moving the Court for an order changing the status of any particular designated information or

document, or relieving a party from the restrictions contained in this Stipulated Protective Order, or from applying to the Court for further or additional protective orders.  Any motion filed with respect to this Stipulated Protective Order or documents, things, or information labeled "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" must comply with the Local Rules, **including Local Rule 37**.  Matters designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall remain so designated under the terms of this Stipulated Protective Order until and unless determined otherwise by the Court.

13.    No party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

14.    This Stipulated Protective Order shall not bar any attorney in this action, in the course of rendering advice to the party represented by the attorney with respect to this litigation, from conveying to the client his or her evaluation in a general way of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information if such disclosure would be contrary to the terms of this Stipulated Protective Order.

15.    If any party's counsel wishes to disclose a document that has been designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to his/her client, then said counsel shall meet and confer with opposing counsel to discuss the de-designation of information for the limited purpose of showing such information to its client.  If counsel cannot come to a resolution via the meet and confer process, then the party seeking to view "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

1    information shall file a regularly-noticed motion with the Court seeking an order for
2    the limited de-designation of said information referenced by this paragraph.  **Local**
3    **Rule 37 shall be** followed.  Further, nothing in this paragraph shall alleviate the
4    need to file Confidential Information under seal, or obviate any of the other
5    obligations imposed by this Stipulated Protective Order.

6         16.    The inadvertent production of any Confidential Information lacking
7    the physical designation "CONFIDENTIAL" or "CONFIDENTIAL–
8    ATTORNEYS' EYES ONLY" shall be without prejudice to any subsequent claim
9    that such material is confidential, and no party shall be held to have waived any
10   rights by such inadvertent production.  Upon written demand of the producing party
11   or third-party, all copies of any Confidential Information lacking the physical
12   designation "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES
13   ONLY" shall be returned immediately to the producing party.  The producing party
14   will supply to each of the other parties a copy of the document properly designated
15   "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"
16   concurrently with the written demand for return.  Any disclosure made before such
17   notification shall not be deemed to be in violation of this Stipulation Protective
18   Order.

19        17.    The inadvertent production of any privileged document or any
20   document protected from disclosure by the work product doctrine shall be without
21   prejudice to any subsequent claim that such document is privileged or protected
22   from disclosure by the work product doctrine.  The failure to designate any
23   document in accordance with the terms of this Stipulated Protective Order shall not,
24   by itself, be deemed an automatic waiver of the privilege or the work product
25   doctrine.

26        18.    At the final conclusion of this action, including any appeal or time for
27   appeal, any party may serve a written notice on the other parties demanding that the
28   "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"

[PROPOSED] PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

1   documents and things that were produced by that party and that are still in

2   existence, including all copies, summaries, excerpts, and abstracts thereof, be

3   returned or destroyed.  Within thirty (30) days of receipt of such a demand, counsel

4   shall certify in writing that such documents and things have been returned or

5   destroyed.  Notwithstanding the foregoing, counsel may retain archival copies of

6   documents consisting of or containing Confidential Information, including trial,

7   hearing, and deposition transcripts and exhibits, and pleadings and other documents

8   submitted to the Court.  Counsel may also retain documents or things that are their

9   own work product or that are subject to the attorney-client privilege.

10       19.    The parties to this agreement may change its terms or effects at any

11   time by further mutual agreements in writing subject to Court approval.

12       20.    This Stipulated Protective Order is entered solely for the purpose of

13   facilitating the exchange of documents, things, and information between the parties

14   in this action.  Nothing in this Stipulated Protective Order nor the production of any

15   documents, things, or information under the terms of this Stipulated Protective

16   Order nor any proceedings pursuant to this Stipulated Protective Order shall be

17   deemed to have the effect of an admission or waiver of any kind by any party,

18   including but not limited to the right of any party to oppose or object to production

19   of any information, documents, or things.

20       21.    The parties and their attorneys and any other persons subject to the

21   terms of this Stipulated Protective Order agree that the Court shall have jurisdiction

22   over them for the purpose of enforcing this Stipulated Protective Order.

23

24   Dated:  August 22, 2011

25       _____

26       Hon. Paul L. Abrams
     United States Magistrate Judge

27

28

[PROPOSED] PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, state that:

1.    My address is

_____.

2.    My current employer is

_____.

3.    My present occupation or job title is

_____.

4.    I have received a copy of the Stipulated Protective Order entered in the case of *Card Tech International, LLLP v. Provenzano, et al.*, United States District Court for the Central District of California Case No. CV11-2434 DSF (PLAx).

5.    I have read and understand the Stipulated Protective Order.  I hereby agree to comply with all of the terms of the Stipulated Protective Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or 'CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.    I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the Stipulated Protective Order and this agreement to be bound thereby.

Dated: _____      _____
                                SIGNATURE

                                _____
                                PRINT NAME

[PROPOSED] PROTECTIVE ORDER
SACV08-0087 AG (RNBx)